IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH RUBINOSKI, <br><br> Plaintiff, <br><br> v. <br><br> ALLEGHENY COUNTY DA et al., <br><br> Defendants. | Civil Action No. 23-1549 |

## MEMORANDUM ORDER

This matter comes before the Court after Plaintiff Kenneth Rubinoski declined to file objections to the Report and Recommendation ("R&R") (Docket No. 4) entered by Magistrate Judge Maureen P. Kelly on January 10, 2024. The R&R recommends that this action be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), due to Plaintiff's failure to timely serve the Complaint on any named Defendant or to show cause why this action should not be dismissed after appropriate notice by the Court. (Docket No. 4 at 1, 3). Previously, the Complaint (Docket No. 1) was filed in this matter on August 28, 2023, and on December 4, 2023, Judge Kelly issued an Order to Show Cause (Docket No. 3) why this matter should not be dismissed without prejudice for failure to serve Defendants within 90 days of filing the Complaint.

Service of the R&R was made on Plaintiff by U.S. Mail, and the R&R informed Plaintiff that objections to same were due for unregistered ECF users by January 29, 2024. (Docket No. 4 at 3 and docket text entry). No objections were filed by that date, but the Order to Show Cause was returned to the Court marked, "RETURN TO SENDER VACANT UNABLE TO FORWARD." (Docket No. 5). Additionally, on or about May 8, 2024, Plaintiff called Judge Kelly's chambers and indicated that he had not received his documents, so copies of the Order to

1

Show Cause, the R&R, and the envelope (showing that his mail had been returned) was remailed to Plaintiff at that time. Also, on May 10, 2024, the Court issued an Order indicating that the parties were given an extension of time until May 29, 2024, in which to file objections to the R&R, while any party opposing objections was permitted to file a response to the objections within the following 14 days in accordance with Local Civil Rule 72.D.2. (Docket No. 6). Thereafter, Plaintiff did not file any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because the parties did not file any objections to the R&R – which explicitly stated that failure to file timely objections "will waive the right of appeal" – we review the magistrate judge's decision for plain error. (Docket No. 4 at 3). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss this action without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), due to Plaintiff's failure to timely serve the Complaint on any named Defendant or to show cause why this action should not be dismissed after appropriate notice by the Court. In so ruling, the Court agrees with Judge Kelly

that Plaintiff has neither served the Complaint nor moved for an extension of time upon a showing of good cause. (Docket No. 4 at 2). The Court also agrees that it has provided Plaintiff with the requisite notice regarding his failure to comply with the applicable rules governing the orderly administration of litigation and instructed that this action would be dismissed absent a showing of good cause. (*Id.*). The Court further agrees that Plaintiff has offered no information regarding the reasonableness of efforts to serve Defendants and has not moved for an enlargement of time, and that under these circumstances, the Court is without a basis to extend time for service and, pursuant to Rule 4(m), dismissal is warranted. (*Id.* at 2-3).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 22nd day of July, 2024,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 4) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the present action is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 4(m), due to Plaintiff's failure to timely serve the Complaint on any named Defendant within 90 days after filing or to show cause why this action should not be dismissed after being given appropriate notice by the Court.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     The Honorable Maureen P. Kelly
            Kenneth Rubinoski (via U.S. Mail)