IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH RUBINOSKI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-1549 |
| ) | Judge W. Scott Hardy |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| ALLEGHENY COUNTY DA et al, ) | Re: ECF Nos. 22 and 24 |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Presently before the Court are Motions for Recusal, ECF Nos. 22 and 24, filed by Plaintiff Kenneth Rubinoski, in which Mr. Rubinoski requests the recusal of the undersigned, presumably pursuant to 28 U.S.C. § 455.[1]

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under Section 455(a) is objective and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 554 (1994). Selkridge v. United of Omaha

---

[1] In the caption of the motion for recusal filed at ECF No. 22, Plaintiff lists his action pending at No. 24-cv-685. However, in the body of the motion, Plaintiff clearly states that he seeks recusal of the undersigned in this action at No. 23-cv-1549. Plaintiff also filed a duplicate motion with the correct docket number at ECF No. 24. For clarity, the Court addresses both motions.

1

Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor).

Plaintiff asserts that "[t]he understanding of physical harm with other terrible circumstances is not being recorded of as past and present motions." ECF No. 22. The Court construes this statement to reflect Plaintiff's dissatisfaction with the Court's orders and management of this action. However, the United States Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999), and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). See Waris v. Heartland Home Healthcare Services, Inc., 365 F. App'x 402, 406–07 (3d Cir. 2010). Thus, Plaintiff's dissatisfaction with the Court's management of this action does not establish a basis for recusal or disqualification on this record. To that end, the Court has required Plaintiff to comply with the Federal Rules of Civil Procedure related to service of the Complaint and has ordered Plaintiff to file a response to the pending Motion to Dismiss filed on behalf of Defendants. See ECF Nos. 12, 20. Plaintiff neither indicates how the orders provide a basis for recusal, nor does he point to any other cognizable basis for recusal.[2]

Accordingly, **IT IS HEREBY ORDERED**, this 9th day of October, 2024, that the Motions for Recusal or Disqualification, ECF Nos. 22 and 24, are **DENIED**.

---

[2] The United States District Court for the Western District of Pennsylvania provides a Guide to Self-Representation at its publicly available website. Plaintiff's review of the guide may aid his understanding of the Court's role and the litigation process. See https://www.pawd.uscourts.gov/sites/pawd/files/Pro_Se_Handbook_23.pdf

**IT IS FURTHER ORDERED** that the parties are allowed fourteen (14) days from this date to appeal this Order to a District Judge pursuant to Rule 72.C.2 of the Local Rules. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable W. Scott Hardy
United States District Judge

Kenneth Rubinoski
156 Mallard Dr
Kennedy, PA 15136