IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH RUBINOSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-cv-685 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| PA ATTORNEY GENERAL, *IG Office*, and | ) | |
| PA INSPECTOR GENERAL, *IG Office* | ) | Re: ECF No. 31 |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KENNETH RUBINOSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1549 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY COUNTY DA et al, | ) | |
| | ) | Re: ECF No. 17 |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court are Motions to Stay filed in each of the pending actions brought by *pro se* Plaintiff Kenneth Rubinoski. Plaintiff seeks an additional three months to comply with Orders to Show Cause related to ongoing filing deficiencies. See No. 23-1549 (ECF No. 17); No. 24-685 (ECF No. 31). Plaintiff asserts that "the burden of employment" and other undescribed "circumstances" warrant further delays in his compliance with Court orders and his prosecution of the litigation of both actions.

The motions will be denied.

1

On September 6, 2024, Defendants Allegheny County DA and the Office of the DA Employees filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and as otherwise frivolous and incomprehensible. No. 23-1549 (ECF No. 18). On September 10, 2024, the Court ordered Plaintiff to respond to the Motion to Dismiss by October 9, 2024. ECF No. 20. Since that time, Plaintiff has filed six motions or supplements. ECF Nos. 21, 22, 23, 24, 27, and 29. However, he has not filed his response to the Motion to Dismiss.

On October 15, 2024, the Court issued an Order to Show Cause why this action should not be dismissed for failure to respond to the Motion to Dismiss. ECF No. 26. The Order required Plaintiff to respond by November 14, 2024, and with his response to the Order to Show Cause, to file his response to the Motion to Dismiss. Id. On November 13, 2024, Plaintiff filed a Motion for Extension of Time to respond to the Order to Show Cause. ECF No. 29. The Court granted the Motion on November 14, 2024. In the Order granting an extension, the Court stated:

> Plaintiff's Motion for Extension of Time fails to set forth any grounds to find good cause for an extension of time. However, in the interest of justice, Plaintiff is granted one FINAL extension of time to respond to the pending Order to Show Cause and Motion to Dismiss. Plaintiff's responses are due by 12/6/2024. NO FURTHER EXTENSIONS WILL BE GRANTED. THE FAILURE TO FILE A RESPONSE WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE.

ECF No. 30.

In the action at No. 24-685, Plaintiff failed to timely respond to Orders issued by the Court. On September 25, 2024, the Court issued a deficiency order related to required service documents to permit service on "The PA Attorney General" and "The PA Inspector General." ECF No. 12. Plaintiff was ordered to comply by October 25, 2024. Id. On October 11, 2024, he filed a supplement to his Complaint but failed to comply with the deficiency order. ECF No. 13. Thus, on November 5, 2024, the Court entered an Order to Show Cause why the action should not be

dismissed for failure to comply with the Court's Order. ECF No. 14. Plaintiff filed a Motion for Extension of Time on November 13, 2024. ECF No. 15. The Court granted Plaintiff's motion and extended the time to respond and to comply with the deficiency order to December 6, 2024. ECF No. 16. The Court further stated that:

> Plaintiff's Motion for Extension of Time fails to set forth any grounds to find good cause for an extension of time. However, in the interest of justice, Plaintiff is granted one FINAL extension of time to respond to the pending Order to Show Cause and Deficiency Order. Plaintiff's responses are due by 12/6/2024. NO FURTHER EXTENSIONS WILL BE GRANTED. THE FAILURE TO FILE A RESPONSE AND COMPLY WITH THE DEFICIENCY ORDER WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE.

ECF No. 16. On December 3, 2024, Plaintiff filed a Motion to Stay this action for three months or until April 2025 due to "the burden from employment and other circumstances." ECF No. 17.

In both above-captioned cases, Plaintiff's history of dilatory conduct has delayed the resolution of these matters. As a *pro se* litigant, the responsibility to prosecute his cases falls squarely on Plaintiff. Nieves v. Thorne, 790 F. App'x 355, 357 (3d Cir. 2019). Plaintiff has filed timely Motions to Stay in this instance, but he fails to offer "good cause" as required by Federal Rule of Civil Procedure 6 ("When an act may or must be done within a specified time, the court may, *for good cause*, extend the time….") (emphasis added). To establish good cause under Rule 6(b)(1)(A), the moving party must demonstrate that he cannot reasonably meet the Court's deadlines despite his diligence. Davis v. Ace Hardware Corp., No. CV 12-1185, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (citing Louisiana Counseling & Family Servs., Inc. v. Mt. Fugi Japanese Rest., Civil No. 08–6143, 2013 WL 1844269, at *3 (D.N.J. May 1, 2013) (citing cases)).

As evident from the pending motions and the case dockets, good cause is lacking. Plaintiff does not describe "the burden of employment" or "other circumstances" that prevent him from meeting the Court's deadlines. The Court notes that the constraints on his time have not impeded Plaintiff's ability to file motions, notices, and supplements in both above-captioned actions. In addition, on well over a dozen occasions logged by Court personnel, Plaintiff has called Chambers staff or left messages for judicial officers to challenge orders or raise allegations of misconduct by the Court, Defendants, and other individuals on matters unrelated to his pending actions. Thus, despite his asserted burdens, Plaintiff has had occasion to further pursue his claims, but has repeatedly failed to comply with this Court's orders.[1]

Accordingly, IT IS HEREBY ORDERED this 9th day of December 2024, that in the absence of good cause, the Motions to Stay Plaintiff's actions at No. 23-1549 (ECF No. 17); No. 24-685 (ECF No. 31) are DENIED. Should Plaintiff seek to file belated responses to the outstanding orders, he must first request leave pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Any motion for leave must set forth a basis to find excusable neglect. Pioneer Inv. Servs. Co. v. Brunsick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

---

[1] On May 10, 2024, the Court provided Mr. Rubinoski with the link to the Court's *Pro Se* Handbook for guidance on self-representation and a description of the nature of claims that may be filed in federal court. At this time, the Court is compelled to further instruct Mr. Rubinoski that pursuant to the Court's Practices and Procedures, direct telephonic communication with judicial staff is strictly limited to inquiries as to the status of pending motions or questions related to scheduled proceedings. *Ex parte* communication (communication with one party) concerning the merits of any action, or any unrelated matter, is not permitted. Thus, Mr. Rubinoski **must cease all calls to chambers** unless the purpose of the call relates to a proceeding scheduled on the Court's calendar or to inquire as to the status of a particular pending motion. All other requests or matters must be addressed through a motion filed with the Court. Mr. Rubinoski is further advised that all motions may be filed through first class mail, addressed to the Clerk of Courts, United States District Court, 700 Grant Street, Pittsburgh, PA 15219 or, at his option, filed in person with the Clerk's Office.

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable W. Scott Hardy
      United States District Judge

      All counsel of record via CM/ECF

      KENNETH RUBINOSKI
      156 MALLARD DR
      KENNEDY, PA 15136