IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH RUBINOSKI, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) ) Civil Action No. 23-1549 |
| ALLEGHENY COUNTY DA et al., | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM ORDER**

      This matter comes before the Court after Plaintiff Kenneth Rubinoski declined to file objections to the Report and Recommendation ("R&R") (Docket No. 34) entered by Magistrate Judge Maureen P. Kelly on January 2, 2025. The R&R recommends that this action be dismissed due to Plaintiff's failure to prosecute. (Docket No. 34 at 1, 6). The R&R notes that, to date, Plaintiff has not responded to Defendants' Motion to Dismiss (Docket No. 18), Plaintiff has not responded to Judge Kelly's Order to Show Cause (Docket No. 26) which notified Plaintiff that failure to respond to such Order would result in dismissal of this case for failure to prosecute, and Plaintiff has not appealed Judge Kelly's Order denying his Motion to Stay (Docket No. 33). (Docket No. 34 at 3). Service of the R&R was made on Plaintiff by U.S. Mail. (*Id.* at 6). The R&R informed Plaintiff that objections to same were due for registered ECF users by January 16, 2025, while objections to same were due for unregistered ECF users by January 21, 2025. (*Id.* at 6 and Docket text entry). No objections were filed by that date or thereafter.

      Since the issuance of the R&R, the only activity on the Docket in this case occurred on January 17, 2025, when Plaintiff filed what appears to be a two-page supplement to his Complaint (Docket No. 35, filed on the Docket as "Supplement"). The first page of the Supplement states in

1

part that "settlement is now (6 million) Dollars each now for both defendants," and lists: "1) ADEA of (1967) Age Discrimination in Employment Act" and "2) The Age Discrimination Act (1975) and Section 1557 of The Civil Rights Act." (Docket No. 35 at 1). The second page of the Supplement consists of a letter, dated November 20, 2024, addressed to the Federal Communications Commission from "Alison," explaining that it is in response to a complaint filed by Kenneth Rubinoski regarding problems he was having with his Verizon phone plan. (*Id.* at 2). Because the Supplement filed by Plaintiff does not address the R&R in any way, the Court finds that it does not contain objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Plaintiff did not file objections to the R&R – which explicitly stated, "Failure to timely file objections will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 34 at 6). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss this action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g., Qadr v.*

*Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b)). In so ruling, the Court agrees with Judge Kelly's application of the six-factor balancing test, as provided in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), that guides a court in determining whether a case should be dismissed for failure to prosecute. (Docket No. 34 at 3). First, the Court agrees that Plaintiff, who is proceeding *pro se* in this matter, is solely responsible for his own conduct, so the first factor weighs heavily in favor of dismissal. (*Id.* at 4). The Court also agrees that the second factor – whether the adverse party has suffered prejudice because of the dilatory party's behavior – also weighs against Plaintiff since his continued failure to communicate with the Court and his continued inaction frustrates and delays resolution of this case. (*Id.*). Additionally, the Court agrees that the third factor, a history of dilatoriness, weighs heavily against Plaintiff since he has engaged in a pattern of dilatory behavior. (*Id.* at 4-5). Fourth, the Court agrees that Plaintiff's failure to comply with the Court's orders appears to be willful. (*Id.* at 5). Fifth, the Court agrees that alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. (*Id.*). Finally, the Court agrees that it cannot assess the merits of Plaintiff's claim because he has failed to respond to the deficiencies outlined in the moving Defendants' Motion to Dismiss, and his pleadings do not meet the basic pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. (*Id.*). Thus, the Court agrees that at least five of the six *Poulis* factors support dismissal, while the remaining factor weighs neither against nor in favor of dismissal, and that, on the record here, the extreme sanction of dismissal is supported by the *Poulis* factors. (*Id.* at 5-6).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 14th day of February, 2025,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 34) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the present action is DISMISSED WITH PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Accordingly, Defendant's Motion to Dismiss (Docket No. 18) is DENIED AS MOOT.

The Clerk of Court shall mark this case CLOSED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:       The Honorable Maureen P. Kelly
              Kenneth Rubinoski (via U.S. Mail)